# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERICK M. BROWN,

    *Plaintiff*,

vs.

ROSS MILLER, *et al.*,

    *Defendants*.

Case No. 2:13-cv-01942-APG-PAL

**O R D E R**

This civil rights action brought by a Nevada state inmate comes before the Court on plaintiff's motions (Doc. ## 2 & 3) for a temporary restraining order and a preliminary injunction as well as for initial review under 28 U.S.C. § 1915A.  The filing fee has been paid.

### *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the

complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Erick Brown – tracking similar filings by other Nevada inmates in this Court – presents seven "causes of action" followed thereafter by seven counts. Plaintiff's claims, in the main, proceed from the same underlying legal premises, repeated numerous times in overlapping fashion over the course of the thirty-nine page pleading.

Plaintiff maintains in the causes of action, *inter alia*, that: (a) the commission established by the state legislature in the mid 1950's to oversee preparation of the Nevada Revised Statutes was unconstitutional under the state constitution because it included members of the state supreme court and thus allegedly violated a separation of powers requirement of the state constitution; (b) the legislature thereafter failed to lawfully adopt the

1 Nevada Revised Statutes in 1957 because, *inter alia*, the revised statutes were adopted and
2 published without an enacting clause as required by the state constitution and without the
3 required readings, votes and journal entries; (c) the statutory revision commission transferred
4 its functions to an another allegedly unconstitutional entity in 1963; (d) plaintiff thus is one of
5 "'Minority' Disadvantaged Persons, i.e. Foreign Incarcerated Inmates unconstitutionally
6 withheld in a Rogue State of Nevada . . . in the Nevada Department of Corrections (NDOC)
7 . . . [subjected to] excessive/Cruel and Unusual Punishment Unlawful Confinement;"[1] (e)
8 plaintiff told Nevada Assemblyman William Horne of these alleged constitutional violations in
9 September 2013 but he did not make his colleagues aware of these issues, allegedly requiring
10 his removal from office under the state constitution; and (f) plaintiff learned in February 2013
11 that Secretary of State Ross Miller has not maintained the official acts of the state legislature
12 for 1957 and 1969, allegedly requiring his removal as well.

13 In the seven counts that follow the causes of action, plaintiff alleges that the foregoing
14 circumstances violate his Fourth Amendment right against illegal seizure, his Fourteenth
15 Amendment rights to due process and equal protection, and numerous Nevada state
16 constitutional provisions invoked via pendent jurisdiction. He alleges that these alleged
17 violations have resulted in plaintiff "being deprived of life; liberty; acquiring, possession and
18 protecting property and pursuing and obtaining safety and happiness" and "being continued
19 to be illegally seized unconstitutionally and unlawfully."[2]

20 Plaintiff seeks, *inter alia*, one billion dollars in compensatory and punitive damages on
21 each of the seven counts, a "declaratory judgment declaring [his] convictions void ab inition
22 [sic]," and a declaratory judgment further declaring all legislative acts of the Nevada since the
23 mid 1950's void and unconstitutional under the state constitution.

24 Plaintiff names as defendants, in their individual and official capacities, Secretary of
25 State Miller, Assemblyman Horne, and hundreds of John and Jane Does consisting of all

---

27 [1]Doc. #1, at electronic docketing page 13.

28 [2]Doc. #1, at electronic docketing page 19, 21, 23-24, 26, 30, 31, 33 & 35.

former Nevada state legislators, governors, lieutenant governors, secretaries of state, attorneys general, and commissioners going back to the 1950's.

Plaintiff does not state a cognizable claim upon which relief may be granted under federal law.

First, on the one hand, plaintiff clearly lacks standing to the extent that he seeks to challenge – separate and apart from a challenge to his criminal conviction – the validity of all Nevada state statutes since the mid 1950's for violating the state constitution, the alleged failure of Assemblyman Horne to seek the action in the legislature that plaintiff desires, and the alleged failure of Secretary of State Miller to maintain copies of certain legislative acts. A litigant who raises only a generally available grievance, claiming only a harm to his and every citizen's interest in proper application of the constitution and laws, does not state an Article III case or controversy. *See, e.g., Hollingsworth v. Perry*, 133 S.Ct. 2652, 2662 (2013). A litigant claiming that every Nevada state statute since the mid 1950's was adopted in violation of the state constitution presents about as generalized of a grievance for purposes of standing doctrine as one might imagine. The same conclusion holds true regarding plaintiff's claims regarding the alleged failure of a state legislator to inform his colleagues of such alleged violations and the alleged failure of a state secretary of state to maintain all of the state statutory materials that he allegedly is required to maintain by the state constitution.

Second, on the other hand, to the extent that plaintiff *arguendo* has standing based upon an effort to establish the alleged invalidity of his criminal conviction and incarceration, his claims then fall squarely under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). A plaintiff may not pursue federal civil rights claims that necessarily call the validity of his conviction or sentence into question unless and until the conviction and sentence first have been overturned or otherwise vacated on direct appeal, on post-conviction review, or by executive action. It is clear from the face of the papers submitted that plaintiff's conviction and sentence have not been overturned, as he seeks to have his conviction and continued incarceration adjudicated and declared to be unconstitutional by this action.

////

Third, in all events, even if plaintiff *arguendo* had standing to raise claims herein that further *arguendo* were not *Heck*-barred, his claims clearly are frivolous on their face. Plaintiff alleges that nearly six decades of Nevada state legislative enactments are wholly void across the board, rendering Nevada an alleged "rogue" state with no valid legislative action for nearly sixty years. A number of Nevada state inmates recently have attempted to overturn their convictions *pro se* based upon substantially similar arguments. The Supreme Court of Nevada repeatedly has rejected the core argument presented here regarding the alleged lack of enacting clauses in the Nevada Revised Statutes in numerous opinions, which were not published apparently due to the nonprecedential value of an opinion on such a patently meritless challenge.[3] The Supreme Court of Nevada is the final arbiter of Nevada state law, including Nevada state constitutional law. The state supreme court's rejection of plaintiff's core argument regarding an alleged lack of enacting clauses is the final word on that subject, and a federal court may not reach a different conclusion on the Nevada state law issue undergirding plaintiff's federal claims. Nothing in the strained logic presented by plaintiff leads to a different outcome with regard to his remaining related arguments.

The Court therefore will dismiss all federal claims presented alternatively for lack of standing, for their noncognizability in a federal civil rights action, and as frivolous.[4] The Court finds that delaying dismissal for an opportunity to amend would be futile as to all federal claims.

---

[3] *See, e.g., Hull v. State*, 2013 WL 5730596 (Nev. Oct. 16, 2013); *Betts v. State*, 2013 WL 3270769 (Nev. June 12, 2013); *Depiano v. Palmer*, 2013 WL 3305482 (Nev. May 13, 2013); *Burgess v. State*, 2012 WL 5835122 (Nev. Nov. 15, 2012); *Valenzuela v. State*, 2011 WL 4345453 (Nev. Sept. 15, 2011); *Gutierrez-Piceno v. State*, 2748446 (July 13, 2011); *Lyons v. State*, 2011 WL 1044591 (March 17, 2011). The Court has cited only the most recent handful of such cases available via a legal research service.

[4] The Court's dismissal on the bases discussed in the text does not signify that the claims presented are free of other substantial deficiencies. *Inter alia*, plaintiff may not seek damages from the individual officer defendants in their official capacities because of state sovereign immunity and further because such a defendant is not a "person" subject to suit under 42 U.S.C. § 1983 in that capacity for monetary damages. Any claims that accrued decades ago of course would be time-barred under the two-year statute of limitations applicable to civil rights actions arising out of Nevada. Further, at the very least the state legislators would be subject to legislative immunity for their alleged acts and omissions in the legislative process. The Court has not tarried over such collateral deficiencies because the entire action is subject to dismissal on other grounds.

Following upon the dismissal of all federal claims over which the district court had original jurisdiction, the Court finds that the interests of judicial economy, convenience, fairness and comity would be best served in this case by dismissing the state law claims that remain without prejudice. Over and above the fact that the state law claims are frivolous on their face, a dismissal of the federal action will not materially impact the analysis of any limitations issues applicable to the pendent claims if brought in a state court action. The core circumstances upon which plaintiff relies occurred nearly six decades ago. To any extent that plaintiff would present viable state law claims against defendants Horne and Miller based upon the collateral incidents alleged in 2013, the limitations period would not yet have expired as to such claims. The Court accordingly exercises its discretion pursuant to 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over the state law claims.

### *Pending Motions*

Given the dismissal of all claims for the reasons assigned above, plaintiff clearly cannot establish a basis for either a temporary restraining order or preliminary injunctive relief in this action.

**IT THEREFORE IS ORDERED** that this action shall be **DISMISSED**, for the reasons assigned herein.

**IT FURTHER IS ORDERED** that all remaining motions (Doc. ## 2 & 3) are **DENIED** for the reasons assigned herein.

**IT FURTHER IS ORDERED** that the dismissal of this action shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).[5]

**IT FURTHER IS ORDERED** that, in the event of an appeal, and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies to the Court of Appeals that an appeal is not taken in good faith. Plaintiff alleges in this federal civil rights action that his conviction is invalid because,

---

[5]The Court follows authority from the Third, Sixth, Seventh, and Tenth Circuits holding that a prisoner accrues a strike by filing an, *e.g.,* frivolous action or appeal regardless of whether the inmate pays the filing fee or proceeds IFP in the action that constitutes a strike. *See Byrd v. Shannon*, 715 F.3d 117, 122 (3d Cir. 2013)(citing prior Sixth, Seventh and Tenth Circuit authority). It does not appear that there is any contrary circuit authority. Nor does it appear that the Ninth Circuit has decided the issue to date.

*inter alia*, the entire Nevada Revised Statutes adopted nearly six decades ago are invalid for lack of an enacting clause. To the extent that plaintiff *arguendo* has standing to raise such a generally available grievance regarding the validity of the entirety of the Nevada Revised Statutes, his federal claims clearly are *Heck*-barred because the claims necessarily question the validity of his conviction. The federal claims in any event are frivolous on their face, with cases presenting similar underlying contentions regarding unconstitutionality under the state constitution repeatedly having been rejected by the Supreme Court of Nevada, the final arbiter of Nevada state law. The present action represents the epitome of the type of frivolous inmate litigation that numerous provisions of the Prison Litigation Reform Act seek to discourage. So that this certification may be clearly marked for review by the Court of Appeals, the Clerk shall prominently include within the docket entry for this order a statement that the order also certifies to the Court of Appeals that an appeal would not be taken in good faith.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: January 22, 2014.

_____
ANDREW P. GORDON
United States District Judge