# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERICK M. BROWN,

    Plaintiff,

vs.

SECRETARY OF STATE
ROSS MILLER, *et al.*,

    Defendants.

Case No. 2:13-cv-01942-APG-PAL

**ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court dismissed plaintiff's complaint on January 23, 2014 (Dkt. #5), and judgment was entered (Dkt. #6). Now before the court is plaintiff's motion for leave to file a motion pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. #9) and motion for directed verdict (Dkt. #10).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

>discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

On January 23, 2014, the court dismissed plaintiff's purported civil rights complaint–which tracks similar filings by other Nevada inmates in this court–for lack of standing, noncognizability in a federal civil rights action, and as frivolous (Dkt. #5, p. 5). Plaintiff had mainly alleged that the commission established by the state legislature in the mid 1950s to oversee preparation of the Nevada Revised Statues was unconstitutional and that the legislature thereafter failed to lawfully adopt the Nevada Revised Statutes in 1957, with the result that plaintiff is a foreign incarcerated inmate unconstitutionally held within the rogue state of Nevada. *See id.* at 2-3. The court further certified to the Court of Appeals that any appeal taken would not be in good faith. *Id*. at 6-7; 28 U.S.C. § 1915(a)(3).

More than thirteen months later on February 25, 2015, plaintiff filed the motion for reconsideration, which he styled a petition for leave of the court to file FRCP Rule 60(b) or in the alternative for this court to remand and order the arbiter Nevada Supreme Court to accept jurisdiction

1 and hold a meaningful evidentiary hearing based upon the memorandum attached herein "irrefutable
2 evidence on constitutional violations issues raised and invalid Nevada Revised Statute laws!" (Dkt. #9).
3 Plaintiff has failed to make any showing under either Rule 60(b) or 59(e) that this court's order
4 dismissing his complaint should be reversed. Plaintiff's motion for direct verdict of default summary
5 judgment (Dkt. #10) in this closed case is denied as patently frivolous.

6     **IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file FRCP Rule 60(b)
7 motion (Dkt. #9) is **DENIED**.

8     **IT IS FURTHER ORDERED** that plaintiff's motion for direct verdict of default summary
9 judgment (Dkt. #10) is **DENIED**.

10     **IT IS FURTHER ORDERED** that plaintiff shall file no further documents in this closed case.
11     Dated: April 13, 2105.

13                       UNITED STATES DISTRICT JUDGE